IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Owen Harriot, #96039-071<br><br>                     Plaintiff,<br><br>vs.<br><br>DOJ, Jeff Sessions, Former U.S. Attorney General; Irene Josey, Former U.S. Attorney; Stacey D. Haynes, AUSA; Scarlet A. Wilson, Former AUSA; Robert Waizenhofer, FBI Special Agent; Rodney Pritchard, FBI Special Agent; Charles Klatz, FBI Special Agent; Unknown I.N.S. Agents, Department of Homeland Security, and Unknown Sheriffs, Richland County Sheriff Department,<br><br>                     Defendants. | C/A No. 3:18-3164-JFA-SVH<br><br><br>**ORDER** |

## I.    INTRODUCTION

Michael Owen Harriot, ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, brings this action claiming a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff seeks monetary damages and injunctive relief. (ECF No. 1). (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Plaintiff's complaint should be dismissed without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or

issuance and service of process. (ECF No. 16). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

## II. LEGAL STANDARD

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## III. DISCUSSION

The Report recites the factual and procedural background giving rise to this action in detail, which is incorporated by reference. Briefly, Plaintiff alleges that under §1983, he was illegally arrested without probable cause or a warrant and was illegally questioned and detained. (ECF No. 1). Further, the Court did not have jurisdiction over him because he had not committed any federal offenses. (ECF No. 1). Plaintiff seeks monetary damages and injunctive relief. (ECF No. 1).

---

modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

### A. Plaintiff's Claims Related to his Conviction and Sentence

The Magistrate Judge correctly opines that Plaintiff's claims concerning his alleged false arrest and imprisonment are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "in order to recover damages from allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid,…a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." The holding in *Heck* also applies to declaratory and injunctive relief if a judgment in the Plaintiff's favor would necessarily imply the invalidity of the conviction. See *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (*Heck* bars declaratory judgment action challenging validity of state criminal conviction).

As the District Court, we must "consider whether judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the Plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. The Report submits that a judgment in Plaintiff's favor on his false arrestment and imprisonment claims would necessarily imply the invalidity of his subsequent conviction. (ECF No. 16). However, in his Objections to the Report, Plaintiff states that *Heck* does not bar his claims because he was not "arrested with a valid facially warrant." (ECF No. 19). *Heck* does not distinguish between cases in which Plaintiffs were or were not arrested with a valid warrant. Rather, *Heck* applies when a Plaintiff brings a § 1983 action alleging the unconstitutionality of his conviction or imprisonment and seeks monetary damages or injunctive relief. As Plaintiff has asserted claims for false arrest and imprisonment under §1983 and seeks

millions of dollars in damages and injunctive relief, the Magistrate Judge properly applied *Heck* to Plaintiff's complaint. By applying *Heck*, Plaintiff's claims are barred unless Plaintiff can demonstrate or allege that he has successfully challenged his convictions. Although Plaintiff filed objections to the Report, he was unable to demonstrate that his conviction has been successfully challenged. (ECF No. 19). Therefore, the Court accepts the recommendation of the Magistrate Judge and dismisses these claims.

### B. Statute of Limitations

The Magistrate Judge correctly opines that Plaintiff's civil rights claims are barred by South Carolina's statute of limitations. (ECF No. 16). Under South Carolina law, the statute of limitations for a personal injury is three years. See S.C. Code Ann. § 15-3-530(5). As the Report states, Plaintiff's complaint concerns events that occurred in July 1999 and as such, the limitations period for Plaintiff to file suit against Defendants has expired. *See Finch v. McCormick Corr. Ins.*, C/A No. 4:11-858-JMC-TER, 2012 WL 2871665, at 3 (D.S.C. June 15, 2012).

In the Objections, Plaintiff submits that a cause of action under § 1983 accrues when "the Plaintiff possesses sufficient facts about the harm done to him that reasonably inquiry will reveal his cause of action. See United State v. Kubrick, 444 U.S. 111, 122-24 (1979)." (ECF No. 19). However, Plaintiff's reliance on case law is misplaced because *Kubrick* refers to the statute of limitations for claims arising under the Federal Tort Claims Act. *U.S. v. Kubrick*, 444 U.S. 111, 100 S. Ct. 352, 353 (1979). Whereas, Plaintiff's cause of action arises under §1983. The Supreme Court has made clear that "federal law looks to the law of the state in which the cause of action arose" to determine the applicable statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007)." Accordingly, South Carolina statute of limitations law applies, and Plaintiff's claims are

time barred. Therefore, the Court accepts the recommendation of the Magistrate Judge and Plaintiff's civil rights claims are dismissed.

### C. Futility of Amendment

The Magistrate Judge recommends Plaintiff not be allowed to amend his complaint because any amendment would be futile. (ECF No. 16). In his Objections, Plaintiff refers to Federal Rule of Civil Procedure 15(a) which states "a party may amend its pleading once as a matter of course within 21 days of serving it or … 21 days after service of responsive pleading." (ECF No. 19). Plaintiff argues that "no written consent" is needed at this point to amend the complaint. The Court disagrees as the complaint was filed June 29, 2018, and as such, is well passed the 21-day period of allowance. (ECF No. 1).

Further, Plaintiff argues that "justice so requires" an amendment because Plaintiff "need[s] to add more defendants and give the Defendants Pritchard, Klatz, and other fair notice of what their cause of action that injur[ed] the Plaintiff" and "amend[ing] complaint is necessary to cure deficiencies." (ECF No. 19). However, Courts should deny leave to amend when the amendment would be futile. *See Edwards v. City of Goldsboro*, 178 F.3d 213, 242 (4th Cir. 1999). "An amendment is futile if the claim would still be dismissed after amendment." *See United States ex rel. Wilson v. Kellogg Brown Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Because Plaintiff's claims for false arrest and imprisonment are barred by Heck and his civil rights claims are barred by the statute of limitations, the Court agrees with the Magistrate Judge that any amendment would be futile. Therefore, the Court accepts the Magistrate Judge's recommendation and denies Plaintiff leave to amend the complaint.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court **adopts** the Magistrate Judge's Report and Recommendation. (ECF No.16). Thus, Plaintiff's complaint is dismissed without issuance and service of process and Plaintiff is denied leave to amend his complaint.

IT IS SO ORDERED.

September 11, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge